# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| CHARLES GROVE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:10-CV-072 JVB |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Charles Grove, a *pro se* prisoner, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his 2007 conviction in St. Joseph County Superior Court for possession of cocaine. *State v. Grove*, No. 71D02-0505-FA-20. Under Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ."

In his petition, Grove claims that he was subject to an unlawful search and seizure in violation of the Fourth Amendment. (DE 1 at 3-5.) The facts, as determined by the state court, reveal that on April 27, 2005, police stopped Grove for speeding, knowing that he had drugs in his truck based on information obtained from a confidential informant. *Grove v. State*, No. 71A05-0808-CR-456 (Ind. App. Ct. Mar. 16, 2009), slip op. at 2. While one officer ran Grove's drivers license and registration through dispatch, another officer arrived with a drug-sniffing canine, who subsequently alerted to a spot on Grove's truck. *Id.* at 3-4. A search of that location revealed plastic bags containing a substance later determined to be cocaine. *Id.* at 4.

Grove moved to suppress the drugs found during the search of his truck, arguing that his

Fourth Amendment rights had been violated by the detention and search. *Id.* at 4. The trial court granted the motion and suppressed the evidence. *Id.* The state filed a motion to reconsider, which was denied. *Id.* Some months later, the trial court reconsidered the issue, reversed its prior ruling, and denied Grove's motion to suppress. *Id.* Grove was subsequently convicted by a jury of felony cocaine possession and sentenced to eight years in prison. *Id.* He appealed, challenging the trial court's denial of his motion to suppress. *Id.* The Indiana Court of Appeals affirmed. *Id.* at 5-11. Grove filed a petition to transfer to the Indiana Supreme Court, which was denied. (DE 1 at 2.) Grove now seeks federal habeas review of his Fourth Amendment claim, arguing that the drugs found in his truck should have been suppressed. (DE 1 at 2-5.) The United States Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). The exclusionary rule, which requires the suppression of evidence obtained in violation of the Fourth Amendment, is not a "personal constitutional right" of the accused; "it is a judicially created means of effectuating the rights secured by the Fourth Amendment." *Brock v. United States*, 573 F.3d 497, 499 (7th Cir. 2009) (internal citation and quotation marks omitted). The rule was intended to deter violations of the Fourth Amendment by "removing the incentive to disregard it," but it has attendant costs, since it "deflects the truth-finding process and often frees the guilty." *Stone*, 428 U.S. at 484, 490. Thus, the rule "has been restricted to those areas where its remedial objectives are thought most efficaciously served." *Id.* at 486-87. The Supreme Court has determined that in habeas proceedings the "contribution of the exclusionary rule, if any, to the effectuation of the Fourth

2

Amendment is minimal, and the substantial societal costs of application of the rule persist with special force." *Id.* at 495.

Therefore, federal habeas courts are barred from reviewing Fourth Amendment claims that were fully and fairly litigated in state court. *Id.*; *see also Ben-Yisrayl v. Buss*, 540 F.3d 542, 552 (7th Cir. 2008) ("As long as a habeas petitioner enjoyed an opportunity for full and fair litigation of a Fourth Amendment claim in state court, federal habeas review of the claim is barred."). A habeas petitioner had a full and fair opportunity to litigate a Fourth Amendment claim if: (1) he apprised the state court of his Fourth Amendment claim along with the factual basis for that claim; and (2) the state court thoroughly analyzed the facts and looked to the appropriate body of decisional law to resolve the claim. *Miranda v. Leibach*, 394 F.3d 984, 997 (7th Cir. 2005); *Hampton v. Wyant*, 296 F.3d 560, 563 (7th Cir. 2002).

Here, Grove does not argue that he was denied a full and fair opportunity to litigate his Fourth Amendment claim, and it is apparent from the record that he did receive such an opportunity.[1] As recounted above, Grove raised his Fourth Amendment claim in the trial court and at two levels of appellate review. In its 11-page opinion, the Indiana Appellate Court thoroughly analyzed the facts and looked to applicable Fourth Amendment law to resolve the claim. *See Grove*, No. 71A05-0808-CR-456, slip op. at 2-11. Although Grove disagrees with the state court's decision, the opportunity for full and fair litigation of a Fourth Amendment claim "guarantees the right to present one's case, but it does not guarantee a correct result." *Cabrera v.*

---

[1] Grove's petition is not easy to comprehend. In explaining his claim, he appears to have simply cut and pasted portions of the trial court's original opinion granting his motion to suppress. (*See* DE 1 at 3-5.) However, nothing in the petition suggests Grove is claiming he did not have a full and fair opportunity to raise his Fourth Amendment claim in state court; instead, it is apparent that he is claiming the state courts wrongly decided his claim.

3

*Hinsley*, 324 F.3d 527, 532 (7th Cir. 2003). In his petition, Grove "simply asks [this Court] to disagree with the state courts' decision, a path that *Stone* closes." *Hayes v. Battaglia*, 403 F.3d 935, 939 (7th Cir. 2005).

For these reasons, the petition (DE 1) is **DENIED**.

**SO ORDERED** on March 11, 2010.

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge  
Hammond Division